**Wayland Herbert CASH, Appellant,**

v.

**Linda Lee CASH, Respondent.**

**No. WD 43563.**

Missouri Court of Appeals,
Western District.

July 2, 1991.

W. Geary Jaco, Kansas City, for appellant.

Stephen V. Crain, James A. Fluker, Kansas City, for respondent.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

PER CURIAM:

Husband's complaint upon this appeal is that the child support of $894.48 per month, awarded to his wife for support of their two children, was excessive. His only argument is that the child support is disproportionate to his income. He testified the child support award would "devastate" him.

The award is arrived at by applying Rule 88.01 and Civil Procedure Form 14. Husband was making a gross amount of $3625 per month and wife was making $1193 per month. Husband was paying $420 per month for the support of children by a previous marriage, which the court deducted from husband's monthly earnings to arrive at a monthly income of $3205. The cost of supporting the children of the marriage was presumed to be $887, the Form 14 amount for two children based upon the parents' combined incomes (less $420 per month child support paid by husband for children of previous marriage), to which amount was added "Custodial parent's reasonable work-related child care costs" of $340, for a total of $1227 per month. Of this amount, wife, the custodial parent was charged with 27.1 per cent, and husband was ordered to pay 72.9 per cent, reflecting the $1193–3205 ratio. Husband's share was therefore calculated to be $894.48 per month.

There is a rebuttable presumption that the amount so calculated is correct. Rule 88.01(e). If the court awards child support in accordance with the Rule and Civil Procedure Form 14 he is not required to justify his use of the same by record findings. If he deviates from the formula, the presumption of correctness of the formula is rebutted if the court "enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate." Rule 88.01(e). Appellant's argument that the court erred by following the formula without justifying it by record findings is therefore the exact reverse of the applicable rule.

If husband pays all his expenses listed in evidence, $2334 per month, including $420 per month child support to the children of the previous marriage, his monthly expenses when the child support awarded in this case is added, will total $3228.48—$397.52 less than his gross earnings from his employment. There will be more demands upon this sum than it can cover, including income taxes and including

marital debts awarded to him for payment. We may point out that many of the debts are secured by property which was awarded to husband and which appear to have value exceeding the indebtedness. Other debts may in the foreseeable future be liquidated. It was not the trial court's business, and it is not ours, to show how husband's income can be made to cover his debts and current expenses. It will be husband's place to adjust income or obligations, or both, in such a way as to provide the payment of the child support he is ordered to pay. We have given as much of the financial picture as we have given, to show that husband's situation is not, as he says, "devastating", and to show that the court was within its discretion in applying Rule 88.01 and Civil Procedure Form 14. We do not find that its application was as a matter of law "unjust or inappropriate."

Judgment affirmed.