In re the MARRIAGE OF Sunny Rae ADAMS and Farris Wayne Adams.

Sunny R. Adams, Petitioner–Respondent,

v.

Farris W. Adams, Respondent–Appellant.

No. SD 32449.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 18, 2013.

Michael L. Jackson, Jackson, MO, for appellant.

Allen E. Moss, Jr., Cape Girardeau, MO, for respondent.

## JEFFREY W. BATES, P.J.

Farris Adams (Husband) appeals from the trial court's judgment dissolving his marriage to Sunny Adams (Wife). The judgment ordered Husband to pay $974 per month as child support for their two children, who were nine and six at the time of trial. Husband presents three points. In Point I, he contends the trial court erred in ordering the child support award because the trial court's Form 14 calculations were incorrect, and the award placed "an unsupportable financial burden" on him. In Point II, Husband argues the trial court erroneously found that Husband and Wife agreed to split the children's future post-secondary educational expenses. In Point III, Husband argues the trial court erred in ordering Husband to pay a lump sum to Wife to equalize the division of property because there was no evidence that Husband had the means to make a lump sum payment. Finding no merit in any of Husband's points, we affirm the trial court's judgment.

Prior to trial, the parties stipulated that they would share joint legal and joint physical custody of the children, and they agreed to a custody schedule. The primary issues at trial were the calculation of child support and the division of marital property. Both Husband and Wife testified, and they each submitted a Form 14. The trial court rejected both forms and prepared its own. The trial court's Form 14 calculated that Husband owed presumed child support in the amount of $974 per month. The court believed Wife's testimony that she incurred monthly child-care costs in the amount of $590. The court found that the parties had agreed Husband would pay future childcare costs for one child, and the court ordered Husband to pay all outstanding childcare bills. The judgment provided that the children would receive health insurance through Wife's employer because it was the "best available coverage at [that] time." Both the childcare and health insurance costs were included in the court's Form 14 and used to calculate the presumed child support amount Husband was ordered to pay. The judgment also stated that the parties had agreed to split future post-secondary educational expenses equally.

The court also heard evidence on marital assets and debts. The judgment valued the items of marital property and divided them between the parties. The court determined Husband's company, Adams Masonry, LLC, (Adams Masonry) and all its assets were marital property. The court awarded Adams Masonry, valued at $20,500, to Husband. Husband received $42,550 of the marital estate, and Wife received $14,360. In order to make the division of property equitable, the court ordered Husband to pay Wife $14,095 within ninety days of the entry of judgment. This appeal followed. Additional facts necessary to the disposition of the case are included below as we address Husband's three points on appeal.

 Our review in a court-tried case is governed by Rule 84.13(d), and we must affirm the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *In re Marriage of Noland–Vance*, 344 S.W.3d 233, 237 (Mo.App.2011).[1] The party chal-

---

1. All references to rules and Form 14 are to Missouri Court Rules (2013). All references

lenging the decree bears the burden of demonstrating error. *Id.* We view the evidence in the light most favorable to the judgment and defer to the trial court regarding credibility determinations and assigning weight to witness testimony. *Youngberg v. Youngberg,* 194 S.W.3d 886, 889 (Mo.App.2006). "The trial court is free to believe all, none, or part of the testimony of any witness." *Id.* In addition, we consider all fact issues upon which no specific findings were made to have been found in accordance with the result reached. Rule 73.01(c); *Surrey Condominium Ass'n, Inc. v. Webb,* 163 S.W.3d 531, 536 (Mo.App.2005).

### Point I

■ In Husband's first point, he contends the trial court erroneously calculated his monthly child support obligation because: (1) the court incorrectly valued Wife's monthly childcare and health insurance expenses; (2) the court denied Husband an overnight visitation credit; and (3) the award placed "an unsupportable financial burden" on Husband. Husband's first point contains multiple allegations of error, is multifarious in violation of Rule 84.04(d) and preserves nothing for appellate review. *Atkins v. McPhetridge,* 213 S.W.3d 116, 120–21 (Mo.App.2006). Because the deficiencies do not impede our disposition on the merits, however, we exercise our discretion to review Husband's point *ex gratia. Jeffus v. Jeffus,* 375 S.W.3d 862, 863 n. 1 (Mo.App.2012).

In the first sub-part of Point I, Husband argues that the child support award is not supported by the evidence or is against the weight of the evidence because of the childcare and health insurance costs that the trial court included in its Form 14 calculation.

■ "Not supported by substantial evidence" and "against the weight of the evidence" are two separate challenges to the evidentiary basis of the trial court's judgment, each requiring "a distinct analytical framework[.]" *Houston v. Crider,* 317 S.W.3d 178, 186–87 (Mo.App.2010). A not-supported-by-substantial-evidence challenge requires the completion of three sequential steps. The appellant must:

(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

(2) identify all of the favorable evidence in the record supporting the existence of that proposition; and,

(3) demonstrate why that favorable evidence, when considered along with the reasonable inferences drawn from that evidence, does not have probative force upon the proposition such that the trier of fact could not reasonably decide the existence of the proposition.

An against-the-weight-of-the-evidence challenge requires completion of four sequential steps. The appellant must:

(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

(2) identify all favorable evidence in the record supporting the existence of that proposition;

(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,

(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the

to statutes are to RSMo Cum.Supp. (2010) unless otherwise indicated.

evidence, that it fails to induce belief in that proposition. *Id.* at 187. Failure to follow the applicable framework means the appellant's argument is analytically useless and provides no support for his or her challenge. *Id.* at 188.

That principle applies here. Husband has completely ignored the evidence presented at trial and instead provided his own "recalculation" of Wife's childcare and insurance costs using figures that were not part of the evidence presented at trial.[2] In determining the evidentiary support for the trial court's judgment, we are not permitted to consider matters outside the record on appeal. *Reliable Roofing, LLC v. Jones,* 302 S.W.3d 232, 234 (Mo.App.2009). Because Husband's arguments are analytically useless, we deny this prong of his argument.

██ In the second prong of Point I, Husband argues that the trial court erred by denying him a 10% downward adjustment of his child support obligation because he is supposed to have overnight custody of the children at least 92 nights per year. We disagree. As explained in the directions and comments to Form 14, Line 11, a parent obligated to pay support generally is entitled to an adjustment based on the number of overnight periods of custody exercised by that parent per year.[3] Generally, "[i]f the paying parent has custody or visitation of the child between 92 and 109 days per year, the circuit court must make a ten percent adjustment in the child support obligation." *Russell v. Russell,* 210 S.W.3d 191, 198 (Mo. banc 2007). However, the general directions contain a caveat and two exceptions:

*CAVEAT: Except as provided in the next paragraph, an adjustment on line 11 shall not be allowed unless the adjusted monthly gross income of the parent entitled to receive support (line 3) exceeds the amounts set forth in the table below for the appropriate number of children.*

| 1 child | 2 children | 3 children | 4 children | 5 children | 6 children |
|---------|-----------|-----------|-----------|-----------|-----------|
| $1,350 | $1,700 | $1,900 | $2,100 | $2,300 | $2,600 |

*Notwithstanding the amounts set forth in the table above, an adjustment may be given if:*

*(1) The parent entitled to receive support is unemployed or underemployed because the expenses of that parent are paid, in whole or in part, by a person with whom that parent cohabits, or*

*(2) The adjusted monthly gross income of the parent obligated to pay support (line 3) less the presumed child support amount (line 12) is equal to or less than the amounts set forth in the table above for the appropriate number of children.*

Form 14, Line 11, Caveat (footnote omitted and underlining added).

██ Here, Wife's adjusted monthly gross income of $1,631 was below the $1,700 threshold in the caveat.[4] There-

2. Husband argues that Wife moved the children to a less expensive day care after entry of the judgment and that the children could have received health insurance coverage at a reduced cost through the MO HealthNet program.

3. Under the circumstances outlined in Comment C to Line 11, this adjustment may be rebutted.

4. Husband argues that Wife's income actually exceeded $1,700 because she testified that her "gross monthly income actually is a little bit higher than that sixteen hundred and thirty-

fore, the mandatory adjustment at issue in *Russell* does not apply. Husband relies upon evidence that his adjusted monthly gross income of $2,000, minus the presumed child support amount of $974, was sufficient to invoke the second exception to the caveat. That exception, however, merely provides the trial court with the discretionary authority to grant an adjustment. *See* Form 14, Line 11, Caveat (*"an adjustment may be given"*); *Sarwar v. Sarwar*, 117 S.W.3d 165, 172–73 (Mo.App. 2003) (indicating the use of the word "may" in the Line 11 directions and comments invoked the court's discretion). Prior to trial, the parties had stipulated to the amount of parenting time each parent would have. Therefore, Father knew how many overnight periods of custody he would have. His proposed Form 14, however, did not ask for any adjustment on that basis. Neither did Wife's proposed Form 14. The trial court created its own Form 14 which, like the parties' forms, did not provide for any adjustment based on overnight periods of custody. Father first requested the adjustment in a motion to amend the judgment, which the trial court denied. Because reasonable minds could differ over whether an adjustment should be made under these circumstances, we conclude that the trial court's ruling was not an abuse of discretion.

 As best we understand the third prong of Point I, Husband is arguing that the trial court erred by failing to rebut the presumed child support obligation because Husband is unable to pay the $974 presumed monthly support obligation. Rule

88.01 explains the two-step procedure for calculating child support. Rule 88.01; *see also Woolridge v. Woolridge*, 915 S.W.2d 372, 378 (Mo.App.1996).

> In order to comply with Rule 88.01, a trial court is required to: (1) determine and find for the record the presumed correct child support amount by using Form 14; and (2) make findings on the record to rebut the presumed correct child support amount if the court, after consideration of all relevant factors, determines that amount is unjust and inappropriate.

*Crow v. Crow*, 300 S.W.3d 561, 564 (Mo. App.2009).

Rule 88.01(b) and § 452.340.9 provide that the presumed child support amount can be rebutted if the trial court finds that the award is unjust or inappropriate after considering all relevant factors. Section 452.340.9 directs the court to consider "all relevant factors, including the factors set out in subsection 1 of this section," which are as follows:

(1) The financial needs of the child;

(2) The financial resources and needs of the parents; [5]

(3) The standard of living the child would have enjoyed had the marriage not been dissolved;

(4) The physical and emotional condition of the child, and the child's educational needs;

(5) The child's physical and legal custody arrangements, including the amount of time the child spends with each par-

---

one dollars per month[.]" Husband's argument fails because the trial court made a specific finding that Wife's gross monthly income was $1,631 per month. On appeal, we must view the evidence in the light most favorable to the decree. *Barth v. Barth*, 372 S.W.3d 496, 503 (Mo.App.2012). We disregard any contrary evidence, and we defer to the trial court even if the evidence could have supported a different conclusion. *Id.*

**5.** "[T]his rebuttable consideration allows the trial court in the Form 14 framework to balance the needs of the child with the ability of the non-custodial parent to pay[.]" *Elliott v. Elliott*, 920 S.W.2d 570, 577 (Mo.App.1996).

ent and the reasonable expenses associated with the custody or visitation arrangements; and

(6) The reasonable work-related child care expenses of each parent.

§ 452.340.1; *see also* Form 14, Line 12, Comment G (providing other considerations for the trial court when determining whether to rebut the presumed support obligation). "The rule places a burden on the party seeking to rebut the Form 14 amount to show that it is unjust or inappropriate after consideration of all relevant factors including the guidelines in § 452.340.1." *Elliott v. Elliott*, 920 S.W.2d 570, 577 (Mo.App.1996).

 Husband complains that his monthly expenses and presumed child support obligation exceed his adjusted gross monthly income. "The schedule of basic child support obligations incorporates a 'self-support reserve' to address the need of the parent obligated to pay support to maintain a minimum standard of living." Form 14, Assumption (8). "In order to override this assumption, [Husband] needed to produce evidence in the trial court of the nature and amount by which his particular support costs exceeded the 'self-support reserve' attributed generally to people in his income level." *In re Marriage of Bottorff*, 221 S.W.3d 482, 488 (Mo.App. 2007). Husband has not directed us to anything in the record to indicate he presented such rebuttal evidence during trial. "Without evidence to the contrary, we can infer that the trial court considered [Husband's] ability to pay in making the specific finding that the presumed child support amount was not unjust or inappropriate." *Id.* at 489. Further, Husband has not cited any case law supporting his argument that a party's self-predicted inability to make his or her child support payments demonstrates an abuse of discretion by a trial court. "Parents have a statutory duty to support their minor children commensurate with their ability to pay." *Id.* at 487 (citing § 452.340).

More often than not, the needs of the child are greater than the ability of the father to pay. In this situation, the trial court must allocate as much as possible from the father's income for the support of the child while leaving the father enough income to reasonably support himself.

*Ward v. Ward,* 762 S.W.2d 479, 480 (Mo. App.1988). "It was not the trial court's business, and it is not ours, to show how [Husband's] income can be made to cover his debts and current expenses." *Cash v. Cash,* 812 S.W.2d 265, 267 (Mo.App.1991). "It will be [Husband's] place to adjust income or obligations, or both, in such a way as to provide the payment of the child support he is ordered to pay." *Id.* In accepting the Form 14 presumed support amount, the trial court implicitly found that Husband failed to carry his burden that the presumed amount was unjust or inappropriate. *Bottorff,* 221 S.W.3d at 489. We cannot say this was an abuse of discretion. For all of the foregoing reasons, Point I is denied.

*Point II*

 In Husband's second point, he contends the trial court erred in finding the parties agreed to split post-secondary education expenses for the children because: (1) there was no evidence presented that the parties ever made such an agreement; (2) neither party requested the trial court make a finding regarding the children's future post-secondary educational expenses; (3) the trial court did not include the post-secondary expenses in its Form 14 calculations; and (4) the trial court failed to consider a number of factors related to the ability of the parties to pay for the children's post-secondary edu-

cational expenses and the likelihood that the children would attend college. We note that like Point I, Husband's Point II is multifarious as it contains multiple allegations of error, but we again will exercise our discretion to review his point *ex gratia*. *Jeffus*, 375 S.W.3d at 863 n. 1. We do our best to address each of Husband's independent allegations of error in turn.

The first prong of Husband's argument arises from the following facts. At the commencement of the trial, the court stated that the "[p]arties have indicated they have come to an agreement as to certain items, but there's others that we need to have a hearing on." After the trial, the cause was taken under advisement. Thereafter, Wife's attorney filed a separation agreement with the court. Paragraph 37 of the judgment stated: "[w]ith regard to college expenses (defined as post-secondary, college, university, or vocational and technical school, state or private) of the minor children, the parties agree that each party shall pay the children's college costs (as defined herein and subject to the following limitations) on an equal fifty-fifty (50/50) basis...." Husband filed a timely motion to amend the judgment. In relevant part, the motion asked for relief "because there was no evidence presented before the trial court that these parties have at the present time, or will in the future, have the means and ability to meet those college costs which the parties have been ordered and directed to pay under Paragraph 37...."

■■■ Husband argues that the trial court erred by finding that the parties had agreed to split post-secondary educational expenses because no evidence to that effect was presented at trial. This issue is not preserved for appellate review. While no such agreement was mentioned at trial, we have not been provided with the separation agreement filed by Wife's counsel

after trial. The omission of this document from the record on appeal creates the presumption that it would be unfavorable to Husband's position. *See Dooms v. First Home Sav. Bank*, 376 S.W.3d 666, 674 n. 2 (Mo.App.2012); *O'Bernier v. R.C. & Associates, Inc.*, 47 S.W.3d 422, 423 (Mo.App. 2001). More importantly, Rule 78.07(c) requires that allegations of error relating to the form or language of the judgment be presented in a motion to amend the judgment in order to be preserved. Husband's motion to amend Paragraph 37 did not assert the absence of an agreement as a ground for relief.

> Appellate courts are merely courts of review for trial court errors, and there can be no review of a legal proposition which was not presented to or expressly decided by the trial court. Likewise, a party may not present one theory in the trial court and, for the first time, on appeal espouse a different one.

*In re Marriage of Parmenter*, 81 S.W.3d 234, 240 (Mo.App.2002) (citation omitted). For this reason, prong one of Husband's argument that he is advancing for the first time on appeal is not preserved for review and will not be addressed further.

■■■ In prong two, Husband argues that neither party requested the trial court make a finding on post-secondary educational expenses. This argument fails for a variety of reasons. First, the court did make a factual finding on this issue in Paragraph 37 of the judgment. Second, "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c); *see also Querry v. Querry*, 382 S.W.3d 922, 928 (Mo.App.2012).

In prong three, Husband argues that the trial court did not include the post-secondary expenses in its Form 14 calculations. This argument fails because a trial

court is permitted to address post-secondary expenses separately in the judgment, just as the court did here. *See Ricklefs v. Ricklefs*, 39 S.W.3d 865, 878 (Mo.App. 2001). This alternative "is logical inasmuch as many times such expenses are not present expenses, but future expenses triggered upon enrollment at a later date such that they cannot be reflected as part of a Form 14 calculation of the [presumed child support amount] or a rebuttal thereof." *Id.* Therefore, we disagree with Husband's assertion that the trial court was required to include post-secondary educational expenses in its Form 14 calculations. *See Appling v. Appling*, 156 S.W.3d 454, 460 (Mo.App.2005).

▆▆▆▆ In prong four, Husband argues that the trial court erred by failing to consider a number of factors, including the financial ability of the parties to pay for the post-secondary educational costs, "the capacity of the children for college work," "the nearness of the children to the age of majority" and "whether the children, at the time such costs were to be incurred, would be self-supporting." [6] We recognize that these are relevant factors in determining whether an award for post-secondary educational expenses is appropriate and reasonable. *See Sunderwirth v. Williams*, 553 S.W.2d 889, 893–94 (Mo. App.1977). Husband has failed to direct us to anything in the record to indicate that the trial court did not consider these factors. "The trial court is in the best position to determine the financial capability of a parent to assist in the support of the parent's child, including college expenses." *DeCapo v. DeCapo*, 915 S.W.2d 343, 348 (Mo.App.1996). "We defer to the court's judgment on award of private edu-cational expenses unless the evidence is 'palpably insufficient' to support it." *Douglas–Hill v. Hill*, 1 S.W.3d 613, 620 (Mo.App.1999) (quoting *Markowski v. Markowski*, 793 S.W.2d 908, 909–10 (Mo. App.1990)). In support of his position, Husband simply argues that there was no evidence before the trial court from which it could have made a well-considered judg-ment on the post-secondary education ex-penses. To the contrary, the record con-tains sufficient evidence regarding both parties' income and expenses from which the trial court could have determined such an award was appropriate. *See, e.g., Barth v. Barth*, 372 S.W.3d 496, 519 (Mo. App.2012); *Ricklefs*, 39 S.W.3d at 878–79. Thus, Husband has failed to carry his bur-den on this prong. *DeCapo*, 915 S.W.2d at 348. For all of the foregoing reasons, Point II is denied.

### Point III

▆▆▆ In Husband's third point, he con-tends the trial court erred by ordering him to pay $14,095 within 90 days from the entry of judgment to Wife to effectuate an equal distribution of marital property. Husband argues that he is "without the means and ability to pay" the equalization payment, and the judgment placed "an unsupportable financial burden" on him. He asserts that the trial court should have awarded periodic installment payments (al-though he admits it is unlikely he could have afforded those either) or additional real property to Wife in lieu of the cash payment.

▆▆▆ "A trial court is given broad dis-cretion in dividing property, and we will interfere with its decision only if the divi-sion is so unduly weighted in favor of one

---

6. We note that Husband has not made a claim that the court's order was too vague, indefi-nite, or uncertain to be enforceable. *See Echele v. Echele*, 782 S.W.2d 430, 437 (Mo. App.1989). To the contrary, the trial court's judgment includes limitations similar to those set out in *Echele*. *Id.*

party that it amounts to an abuse of discretion." *Stirewalt v. Stirewalt*, 307 S.W.3d 701, 704 (Mo.App.2010). "The trial court abuses its discretion only when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration." *Id.* (internal quotation marks omitted).

 "It is well settled that a trial court may order one spouse in a dissolution action to make a cash payment to the other to effectuate a just and fair division of marital property where it is impossible or imprudent to divide the property in kind." *Cohen v. Cohen*, 73 S.W.3d 39, 54 (Mo.App. 2002). It is within the court's discretion to order installment payments. *Levesque v. Levesque*, 773 S.W.2d 220, 223 (Mo.App. 1989). Lump sum payments also are permissible. *Boettcher v. Boettcher*, 870 S.W.2d 876, 878 (Mo.App.1993). Husband was awarded all of Adams Masonry's assets, including a dump truck, two trailers, a forklift and various tools, valued at $24,500. The trial court could consider these assets in assessing Husband's ability to pay and in fashioning an appropriate award. *Alongi v. Alongi*, 72 S.W.3d 592, 595–96 (Mo.App.2002). There was no evidence that Husband would be unable to liquidate those assets or otherwise obtain financing to equalize the division of property. *See In re Marriage of Kueber*, 599 S.W.2d 259, 262 (Mo.App.1980) (reiterating that the trial court is under no obligation to "preserve the status quo for the husband" making the cash payment). Likewise, Husband cannot direct us to anything in the record to indicate that the trial court did not properly consider Husband's "economic circumstances" in dividing the marital property. *See* § 452.330.1(1) RSMo (2000). Under the circumstances, we cannot say the trial court abused its discretion in ordering Husband to make the lump sum payment. Point III is denied.

The judgment of the trial court is affirmed.

GARY W. LYNCH and DON E. BURRELL, JJ., concur.