

# Missouri Court of Appeals

## Southern District

### Division Two

TABITHA ANN TAYLOR, )
)
    Appellant/Respondent, )
) Nos. SD35629 & SD35631
    vs. ) (Consolidated)
)
RICKY DEAN TAYLOR, LIN-J FARMS I, ) FILED: October 7, 2019
LLC, and LIN-J FARMS, II, LLC, )
)
    Respondents/Cross-Appellants. )

### APPEAL FROM THE CIRCUIT COURT OF CEDAR COUNTY

Honorable James V. Nichols, Judge

## AFFIRMED

This appeal and cross-appeal follow a marriage dissolution case that was consolidated with a civil action over commingled business and personal affairs related to a family farming operation. Tabitha[1] appeals the determination that she was not a partner in the operation. Respondents cross-appeal several property and debt determinations. We deny all complaints and affirm the judgment.

### Background

Ricky began farming with his father in 2003. In 2007, Ricky's parents formed Lin-J Farms I, LLC ("LLC-I") to own equipment and operate the farming operations, and Lin-J Farms II, LLC ("LLC-II") to hold the farm real estate.

---

[1] Ricky and Tabitha referred to themselves by first names throughout these proceedings. We do likewise. The court also thanks the parties and their attorneys for graciously agreeing to have their case argued before an audience of students, teachers, and other members of the public at Southwest Baptist University in Bolivar.

Ricky's full-time efforts and management grew the farming operation significantly after his father died in 2009, but personal and business funds and expenses were commingled with little or no attention to details of proper accounting. Whoever had money at the time paid the farming expenses. The LLCs paid personal debts of Tabitha, Ricky, and Ricky's mother and bought cars, motorcycles, and boats for their personal use. Ricky received no set salary, but, without objection, frequently wrote LLC checks for personal living expenses. Ricky and Tabitha were named as borrowers or guarantors for millions of dollars of LLC debts and were named as lessees or co-lessees on 658 acres farmed by LLC-I.

In 2015, Tabitha and Ricky initiated proceedings to dissolve their 20-year marriage. Tabitha also filed a separate declaratory judgment action seeking to be declared a partner in the family farming operations. The LLCs filed counterclaims and cross-claims seeking (1) to quiet title to certain farms; (2) judgment against Ricky on a promissory note; and (3) a declaration that LLC-I owned certain farm equipment. The dissolution and declaratory judgment cases were consolidated.

The declaratory issues were tried first. After hearing three days of evidence and testimony, the court denied every pleaded claim, counterclaim, or cross-claim. In ruling that Tabitha had not proved her claim, LLC-I had not proved either of its claims, and LLC-II had not proved any of its seven claims, the court specifically found:

- Written documents directly contradicted the existence of the partnership alleged by Tabitha, whose testimony on that subject was "unclear, imprecise and sometimes contradictory."

- Although there was no partnership, the court was "clearly and unequivocally convinced" that the parties understood and intended Ricky and Tabitha to have an equitable ownership in certain farm equipment and irrigation systems. "Given the history of the parties['] conduct of the farming business, commingling of funds, and joint liability on indebtedness that has financed the entire farming operation," it would be "grossly inequitable" to deny Tabitha and Ricky any marital interest in those assets.

- No credible evidence supported LLC-II's claims for equitable contribution, which the court characterized as a "strategic afterthought as a result of the pending dissolution of marriage action."

- Equitable interests in three farms mirrored the legal interests reflected on the vesting deeds: Ricky and Tabitha 50% and LLC-II 50% as tenants in common. Purchase-money and tax payments made by LLC-II or Ricky's parents with commingled funds were intended as gifts or as compensation for Ricky's farming work, with no expectation of repayment expressed until after the dissolution case was filed.

- Ricky's promissory note was executed to avoid the appearance of a taxable gift, with the maker, payee, and current holder of the note having no intention or expectation that Ricky would pay the note, and the current demand that he do so was another "strategic afterthought made as a consequence of the pending dissolution of marriage."

That judgment remained interlocutory until the court could hear the dissolution case and determine the extent and value of the marital interest in the farm assets.

At that dissolution trial, again spanning three days, the court found that Ricky and his mother "clearly manipulated the farm's financial affairs and distributions to reduce and understate [Ricky's] actual income in the past 2 years." The court's task of classifying and dividing farm assets was further complicated by "careless and unsystematic ad hoc accounting practices" and the parties' "equally unreasonable" claims of ownership and equity in the farming operation. Nonetheless, the court declared property-ownership interests consistent with its prior rulings and, as relevant here, entered a final judgment apportioning marital and separate property and debts, leading to this appeal and cross-appeal.[2]

**Tabitha's Appeal**

*Point 1*

Tabitha first raises an against-the-weight challenge to the court's finding that she failed to meet her burden to prove a partnership. Rule 84.04(d) violations aside, this point and supporting argument disregard our standard of review and the rubric required to successfully assert any against-the-weight claim. *See* **Houston v. Crider,** 317 S.W.3d 178, 187 (Mo.App. 2010), and scores of cases

---

[2] We commend the trial court for crafting thorough interlocutory and final judgments that clearly set forth the court's fact findings, credibility determinations, and reasons why it ruled as it did, which were of considerable assistance in our review of these complex proceedings.

3

following it. "Failure to follow the applicable framework means the appellant's argument is analytically useless and provides no support for his or her challenge." *Marriage of Adams*, 414 S.W.3d 29, 34 (Mo.App. 2013).

On an against-the-weight challenge, we defer to the trial court's fact-finding on contested issues where witness credibility was at issue. *Ivie v. Smith*, 439 S.W.3d 189, 206 (Mo. banc 2014). We do so because the trial court was better situated to weigh contested evidence in the context of the whole case. *Id*. Our standard of review thus considers which party bore the burden of proof and the trial court's right to believe or disbelieve evidence offered to prove contested facts. *Id*. We will not re-find facts based on credibility determinations through our own perspective. *Id*. Absent explicit findings, we presume the trial court implicitly found facts that support the result reached. *Id.*; *Mitchell v. Mitchell*, 348 S.W.3d 816, 818 (Mo.App. 2011). "Because a trial court may accept all, part, or none of a witness's testimony, 'simply producing evidence that, if believed, would be sufficient to support an award is not the same thing as convincing the fact-finder.'" *Mitchell*, 348 S.W.3d at 818 (quoting *Martz v. Martz*, 323 S.W.3d 53, 58 (Mo.App. 2010)).

Tabitha cites her own evidence, but largely ignores contrary proof and our duty to honor trial-court credibility determinations. Here, the trial court expressly found Tabitha's testimony as to partnership "unclear, imprecise and sometimes contradictory." Because Tabitha disregards how we must view the record and did not follow the proper framework for her challenge, her argument cannot prevail. *Koch v. Koch*, no. SD35561, slip op. at *11-12 (Mo.App. August 2, 2019). We deny Point 1.

*Point 2*

Tabitha next challenges the same partnership finding as a misapplication of the law, charging that the trial court failed to consider evidence from which it could have deduced that a partnership existed. However, save for one new and unpersuasive paragraph, Tabitha merely incorporates by reference her failed Point 1 argument and thus relies on evidence and inferences that the trial court expressly or implicitly rejected.

4

We presume the trial court considered all of the evidence. ***Bechtold v. Bechtold***, 453 S.W.3d 813, 815 (Mo.App. 2014). Tabitha makes no effort to rebut that presumption. Further undermining her argument are the court's nine pages of findings and conclusions rejecting her partnership claim. The trial court did not fail to consider the evidence; Tabitha failed to persuade the trial court with the evidence she presented. Point 2 fails, and with it, Tabitha's appeal.[3]

## Cross-Appeal

On cross-appeal, LLC-II asserts Points 1-3 as to the declaratory judgment, while LLC-I raises Points 5-7 relating to the dissolution judgment.[4]

### *Point 1*

This multifarious point, charging that no substantial evidence supports the denial of LLC-II's six claims for quiet title and resulting trusts as to three farms, fails because it was LLC-II's burden to prove those claims, so a judgment against it needs no evidentiary support. ***White v. Dir. of Revenue***, 321 S.W.3d 298, 305 (Mo. banc 2010).[5] Point denied.

### *Point 2*

Point 2 challenges the same rulings, this time asserting that the trial court "misapplied the law when it stated that the amounts that Lin-J Farms II overpaid for those [farm] properties were intended as a gift to Tabitha and Ricky Taylor in that there was never the delivery of any property from Lin-J Farms II to Tabitha and Ricky Taylor." Noting that a donor must deliver the gift, and that LLC-II paid for these farms but had the farm sellers add Ricky and Tabitha to the deeds "immediately," LLC-II urges that a gift *by it* was legally impossible because Ricky

---

[3] Thus we need not consider other arguments proffered by Respondents.

[4] Point 4 ostensibly was asserted by Ricky's mother Linda, who is not a party to this appeal. As counsel candidly conceded at oral argument, no Respondent has standing to assert Point 4 in her stead, so that point fails summarily.

[5] "When the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence." ***Id***. "If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party." ***Id***. Thus a judgment against a party that bore the burden of proof needs no evidentiary support. *See **Adoption of K.M.W.***, 516 S.W.3d 375, 382 (Mo.App. 2017).

and Tabitha got their deed interests directly from the farm sellers and not "through" LLC-II.

LLC-II misunderstands gift law's delivery element. Consider a dad who takes his daughter to a car dealership where she picks a vehicle, he writes the check, but has title issued in her name. His acquiescence in delivery of that title suffices to complete the gift; same for LLC-II and these farm deeds. Point 2 fails.

Moreover, the trial court could rely on donative *intent* alone to reject LLC-II's equitable claims for reimbursement. If LLC-II meant to make a gift, as the court found, that was enough to deny LLC-II's later call upon equity to make Ricky and Tabitha pay up.

*Point 3*

Point 3, which charges that no substantial evidence supports the denial of LLC-II's promissory-note claim against Ricky, fails for the same reason as Point 1. LLC-II had the burden to prove its claim, so a judgment against it needs no evidence. **White**, 321 S.W.3d at 305.

At any rate, there was evidence from which the court reasonably could infer that this note, recommended by a CPA for tax purposes, was made with no intent that it be paid. It was made for Ricky and Tabatha to sign, but only Ricky did, so it could not be enforced against joint assets. The five-year note called for annual payments on dates certain, but no payments were made, yet LLC-II never acted until its cross-claim years later in this case. We deny Point 3.

*Point 5*

Point 5 challenges the denial of LLC-I's claim that Ricky and Tabitha owed it some $60,000, and fails for the same reasons as Points 1 and 3. As debt claimant, LLC-I had the burden of proof on that issue. **England v. England**, 454 S.W.3d 912, 921 (Mo.App. 2015). Even if Tabitha presented no *contradictory* evidence, she *contested* LLC-I's evidence, so we will affirm the judgment "based solely on the fact that the trial court did not believe [LLC-I's] evidence." **Id.** at 921-22; s*ee also* **White**, 321 S.W.3d at 305. Point 5 fails.

*Point 6*

Point 6 complains that the court awarded Tabitha, as marital property, a pontoon boat bought with LLC-I funds. Although LLC-I claims this was a

6

misapplication of law, it cites no case, statute, or other legal authority whatsoever – not in or immediately after the point relied on; not in the point's supporting argument; not in the section of its reply brief related to this point. "If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." ***Carlisle v. Rainbow Connection, Inc.***, 300 S.W.3d 583, 585 (Mo.App. 2009).

Further, LLC-I principal Linda Taylor acknowledged in court that the LLC funded this purchase for Ricky and Tabitha with no expectation of being repaid. We deny Point 6.

*Point 7*

Finally, LLC-I takes issue with the allocation to Ricky and Tabitha of 50% equitable ownership in specified farm equipment owned by LLC-I. LLC-I does not dispute that Ricky and Tabitha had an equitable interest or the court's valuation of the equipment involved. LLC-I claims only that the degree of ownership (50%) awarded to Ricky and Tabitha was against the weight of the evidence.

Such a claim presupposes that substantial evidence supports the judgment. *Ivie*, 439 S.W.3d at 205. We rarely grant an against-the-weight challenge, and only when we firmly believe the judgment is wrong. ***Id.*** at 206.

Farm-asset ownership and valuation were hotly contested at trial and the parties' contentions "could not have been more diametrically opposed" to quote the court's judgment. Where evidence was contested, we defer to the trial court's weighing of evidence and credibility determinations. ***Id***. If two reasonable but different conclusions can be drawn from the evidence, we must go with what the trial court found. ***Id.***

LLC-I proposes a 7% ownership percentage proffered by its expert witness. The trial court expressly discounted that expert's opinion and explained why in the judgment. "This court will not refind facts based on credibility determinations through its own perspective. If we resolve all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit, we cannot find the weight of evidence on [LLC-I's] side of the scale." ***Black River Elec. Coop. v. People's Cmty. State Bank***, 466 S.W.3d 638, 640 (Mo.App.

2015)(internal citations and quotation marks omitted).  Point denied.

## Conclusion

We find no merit to any point on appeal or cross-appeal.  AFFIRMED.[6]


DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[6] Motions taken with the case are denied.