John OSTHUS, et. al,
Plaintiffs/Appellants,

and

Frances Levy, Harold Boll, Beulah Boll, Deneal Schilmeister, John Hamill, Patricia Hamill, John Boyland, Beverly Boyland, Francis Basler, Steve Buschman, Mary Koken Buschman, Henry Thill, Patricia Thill, Camille Demeter Dorothy Callier, Miles Whitener, Doris Hendrickson, Brad Bomanz, Margaret Mathey, Intervenors/Appellants,

v.

COUNTRYLANE WOODS II HOMEOWNERS ASSOCIATION, et. al,
Defendants/Respondents.

No. ED 98015.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 18, 2012.

John J. Pawloski, The Law Office of John J. Pawloski, LLC, St. Louis, MO, for appellants and intervenors/appellants.

Mary Leighton Bruntrager, Charles Harry Billings Co–Counsel, Bruntrager & Billings, P.C., St. Louis, MO, for respondents.

Before KATHIANNE KNAUP CRANE, P.J., MARY K. HOFF, J., and LISA VAN AMBURG, J.

## OPINION

PER CURIAM.

John Osthus, Michael Page, Richard Duff, and Mary Fitzpatrick (collectively referred to as Plaintiffs), Frances Levy, Harold Boll, Beulah Boll, Deneal Schilmeister, John Hamill, Patricia Hamill, John Boyland, Beverly Boyland, Francis Basler, Steve Buschman, Mary Koken Buschman, Henry Thill, Patricia Thill, Camille Demeter, Dorothy Callier, Miles Whitener, Doris Hendrickson, Brad Bomanz, and Margaret Mathey (collectively referred to as Intervenors) appeal the trial court's amended judgment in favor of Countrylane Woods II Homeowners Association (HOA), Eric Ruegg, Carol Weber, Michael Ritchie, Theodore Sundhausen, and Cristina Finnegan (collectively referred to as Defendants) on Plaintiffs' and Intervenors' petitions for declaratory judgment. Because Plaintiffs' and Intervenors' appellate brief[1] fails to comply with the appellate briefing requirements of Rule 84.04[2], we dismiss the appeal.

Following the trial court's entry of its amended judgment in favor of Defendants, Plaintiffs and Intervenors filed their notice of appeal and subsequent brief. Defendants thereafter filed their responsive brief arguing, *inter alia*, that Plaintiffs' and Intervenors' brief should be dismissed because it violated the briefing requirements of Rule 84.04 in that the brief failed to (1) fairly and concisely state the underlying facts of the case or legal reasons supporting the trial court's judgment; (2) provide a point relied on that substantially complied with the rule and specified how the trial court's action prejudiced Plaintiffs and Intervenors; and (3) provide specific citations to the record in both the fact section and the argument section.

■■■ "Rule 84.04 provides the requirements for appellate briefs, and a party's failure to comply with those requirements constitutes grounds for our dismissal of the appeal." *McGill v. Boeing Co.*, 235 S.W.3d 575, 577 (Mo.App. E.D.2007); *Davis v. Coleman*, 93 S.W.3d 742, 743 (Mo. App. E.D.2002). Compliance with the briefing requirements of Rule 84.04 is mandatory, and a brief that fails to comply with Rule 84.04 preserves nothing for appellate review. *Rogers v. Hester ex rel. Mills*, 334 S.W.3d 528, 536 (Mo.App. S.D. 2010). "Compliance with the rule is required in order that the appellant may give

---

1. Although Plaintiffs and Intervenors filed separate petitions for declaratory judgment in the trial court, Plaintiffs and Intervenors filed a joint brief in this appeal.

2. All rule references are to Mo. R. Civ. P.2012, unless otherwise indicated.

notice to the party opponent of the precise matters which must be contended with and answered." *Thornton v. City of Kirkwood,* 161 S.W.3d 916, 919 (Mo.App. E.D.2005). "Compliance is also mandatory so that unnecessary burdens are not imposed on the appellate court and to ensure that appellate courts do not become advocates for the appellant by speculating facts and arguments that have not been made." *Thornton,* 161 S.W.3d at 919.

In this case, Plaintiffs' and Intervenors' brief fails to comply with Rule 84.04 as suggested by Defendants.

■■■ First, an appellant's brief must contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *In re Marriage of Shumpert,* 144 S.W.3d 317, 320 (Mo.App. E.D.2004). "A brief does not substantially comply with Rule 84.04(c) when it highlights facts that favor the appellant and omits facts supporting the judgment." *Prather v. City of Carl Junction,* 345 S.W.3d 261, 263 (Mo.App. S.D.2011). Interspersing argument throughout the statement of facts also constitutes a violation of Rule 84.04. *Rogers,* 334 S.W.3d at 534.

Here, Plaintiffs' and Intervenors' statement of facts is deficient because (1) it is not a fair recitation of the facts relevant to this Court's review; (2) it omits the facts relied on by Defendants and which support the trial court's rulings; (3) it contains argument; and (4) it is incomplete. Significantly, the statement of facts is interspersed with argument. Moreover, Plaintiffs' and Intervenors' statement of facts does not provide a complete factual and procedural history of the case in that it fails to provide a description of the events

taking place after January 2006 even though Plaintiffs did not file their petition for declaratory judgment until November 2006, Intervenors did not file their petition for declaratory judgment until January 2007, and the case did not reach final judgment until November 2011.

■■■ Second, an appellant's brief must contain a "Point Relied On" for each claim of error that (1) identifies the ruling or action of the trial court the appellant challenges; (2) concisely states the legal reasons for the appellant's claim of reversible error; and (3) summarily explains why, in the context of the case, the stated legal reasons support the appellant's claim of reversible error. Rule 84.04(d)(1). This requirement is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts. *In re Marriage of Shumpert,* 144 S.W.3d at 320; *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). The purpose of the rule is to provide the opposing party with notice as to the precise matters that must be contended with and to inform the court of the legal issues presented for review. *In re Marriage of Shumpert,* 144 S.W.3d at 320. "A point addressing multiple issues is not concise." *Rogers,* 334 S.W.3d at 536. "Structuring a point relied on so that it groups together contentions not related to a single issue violates Rule 84.04." *Id.* (internal quotation omitted). "Such points are multifarious and preserve nothing for appellate review." *Id.* (quotation omitted).

Here, Plaintiffs' and Intervenors' point relied on does not substantially follow the form set out in Rule 84.04(d)(1):

I. The trial court committed prejudicial, reversible error in declining to hear the entire case on the merits at trial as a denial of the right to access to Courts provided in Article I, Section 14 of the Missouri State

Constitution, denying Plaintiffs and Intervenors access to courts as guaranteed by Article I, Section 14 of the Missouri Constitution, and by deciding the case based upon competing proposals of proposed findings of fact and conclusions of law, over Plaintiffs–Intervenors' objection, was in error as

. . .

A.  The Missouri Rules of Civil Procedure do not allow the Trial Court to pick winners without a trial or compliance with Rule 74.04, and Article 1, Section 14 guarantees all parties a right of access to courts that cannot be abridged by judicial fiat.

. . .

B.  The Defendants were lawfully removed from office twice, and the trial court's denial of Plaintiffs' Petition to remove Defendants from office was prejudicial, reversible error as the trial court below misapplied the law in finding that as *directors and trustees,* Defendants could not be removed as officers of the non-profit corporation.

. . .

C.  The Intervenor's claims challenging the indenture and bylaws amendment process were erroneously denied by the trial court, as the March 2005 indentures were extended beyond the ballot voting deadline and failed to garner sufficient votes, the bylaws were never voted upon, and the trial court's ruling is not based upon substantial evidence or a correct statement of the law.

. . .

D.  The position taken by Defendants on their "two hats" theory is barred by the doctrine of equitable estoppel, and accordingly, the trial court's failure to recognize and apply the doctrine in its purported judgment is an error in the application of the law, and the trial court's ruling was prejudicial, reversible error.

It is unclear whether the subpoints were meant to support the point relied on or were meant to be separate points on appeal addressing separate rulings of the trial court. Plaintiffs' and Intervenors' point relied on and subpoints attempt to group together allegations of trial court error and argument such that this Court's consideration of those claims would require us to interpret the meaning of Plaintiffs' and Intervenors' claims by determining and clarifying the nature of the contentions asserted, which is an advocacy role "wholly improper for a reviewing court to assume." *Rogers,* 334 S.W.3d at 538, *citing Thummel,* 570 S.W.2d at 686.

▮▮▮▮ Third, an appellant's brief also must contain an argument section that substantially follows each "Point Relied On," includes a concise statement of the applicable standard of review for each claim of error, and advises the appellate court of how the facts of the case and principles of law interact. Rule 84.04(e); *Thornton,* 161 S.W.3d at 919–20. All statements of fact and argument shall have specific page references to the legal file or the transcript. Rule 84.04(i).

Here, the subpoints of Plaintiffs' and Intervenors' point relied on are interspersed with argument, but the arguments lack a statement of the applicable standard of review relevant to the corresponding subpoint. The argument sections of the brief also lack clear and specific references to the legal file or transcript. If we were to take the time on our own initiative to

comb the record for support of factual assertions in a brief, this Court would, in effect, become an advocate for the non-complying party. *See Rogers,* 334 S.W.3d at 535.

Therefore, because Plaintiffs' and Intervenors' brief fails to comply with Rule 84.04, their brief preserves nothing for our review. *Davis,* 93 S.W.3d at 743. "This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency." *Davis,* 93 S.W.3d at 743, *citing Thummel,* 570 S.W.2d at 686.

The appeal is dismissed.

