

# Missouri Court of Appeals
## Southern District
### Division Two

In re the Marriage of Steven Mark )
Chorum and Jennifer Lynne Chorum )
)
STEVEN MARK CHORUM, )
)
 Petitioner-Appellant, )
)
vs. ) No. SD33585
)
JENNIFER LYNNE CHORUM, ) Filed August 28, 2015
)
 Respondent-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Stephen P. Carlton, Associate Circuit Judge

<u>AFFIRMED</u>

Steven Mark Chorum ("Husband") initiated an appeal of the trial court's judgment dissolving his marriage to Jennifer Lynne Chorum ("Wife") that resolved the attendant issues in that action. Wife moved in the trial court for an award of her attorney fees on appeal and, following a hearing, the trial court, on August 8, 2014, entered a judgment against Husband for $10,000.00 in favor of Wife. Husband now appeals that attorney fee judgment. Husband's sole point relied on and his supporting argument fail to comply with the briefing requirements of Rule

1

84.04, and such failure leaves us with no cognizable basis upon which to reverse the trial court's attorney fee judgment.[1]  Because that judgment is presumed correct, we affirm.

As observed by the Eastern District of our Court,

> Rule 84.04 provides the requirements for appellate briefs. . . .  Compliance with the briefing requirements of Rule 84.04 is mandatory, and a brief that fails to comply with Rule 84.04 preserves nothing for appellate review.  Compliance with the rule is required in order that the appellant may give notice to the party opponent of the precise matters which must be contended with and answered.  Compliance is also mandatory so that unnecessary burdens are not imposed on the appellate court and to ensure that appellate courts do not become advocates for the appellant by speculating facts and arguments that have not been made.

*Osthus v. Countrylane Woods II Homeowners Ass'n*, 389 S.W.3d 712, 714-15 (Mo.App. 2012) (internal citations and quotation marks omitted).

Rule 84.04(d)(1) mandates that any point relied on in Husband's brief shall "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."

Husband's sole point relied on reads as follows:

> The trial court erred in entering its judgment in granting [Wife] attorneys fees on appeal from [Husband] for the reason that [Wife] failed to provide the necessary evidence as to the financial circumstances of the parties since the dissolution which was necessary for the trial court to rule on her request and such award is unsupported by substantial evidence and is against the weight of the evidence.

As required by Rule 84.04(d)(1)(A), Husband's point identifies the challenged ruling or action as the trial court's "judgment in granting [Wife] attorneys fees on appeal from [Husband.]"

Also, as required by Rule 84.04(d)(1)(B), Husband's point states three legal reasons he claims the entry of this judgment was reversible error:  (1) "[Wife] failed to provide the

---

[1] All rule references are to Missouri Court Rules (2015).

necessary evidence as to the financial circumstances of the parties since the dissolution which was necessary for the trial court to rule on her request"; (2) "such award is unsupported by substantial evidence"; and (3) such award "is against the weight of the evidence."

We note, however, that Husband's first reason—"[Wife] failed to provide the necessary evidence"—is merely a casual version of the more legally precise and concise second reason— the "award is unsupported by substantial evidence[.]"  By collapsing the first reason into the second, we consider Husband's point as stating *two* legal reasons for claiming reversible error— (1) the judgment is not supported by substantial evidence, and (2) the judgment is against the weight of the evidence.

Joining those two claims together in a single point, however, preserves nothing for appellate review.  Substantial-evidence challenges and against-the-weight-of-the-evidence challenges are distinct claims.  *Ivie v. Smith*, 439 S.W.3d 189, 199 n.11 (Mo. banc 2014). Joining these claims in a single point relied on violates Rule 84.04(d).  *Id.*  "They must appear in separate points relied on in the appellant's brief to be preserved for appellate review."  *Id.*

Moreover, Husband's point ignores and completely omits anything related to the Rule 84.04(d)(1)(C) requirement to "explain in summary fashion why, in the context of the case, [his] legal reasons support the claim of reversible error."  "It is not sufficient to merely set out in the point what the alleged errors are without stating *why* the ruling is erroneous."  *In re Holland*, 203 S.W.3d 295, 299 (Mo.App. 2006) (emphasis added).  The failure to provide this factual link between the alleged error and the asserted legal reasons for such error leaves both this court and Wife "guessing at the nature of [Husband's] argument."  *Waller v. Shippey*, 251 S.W.3d 403, 406 (Mo.App. W.D. 2008).  This omission is a substantial failure to comply with the rule and preserves nothing for our appellate review.  *Holland*, 203 S.W.3d at 299.

3

Nevertheless, our desire to reach the merits of Husband's claim compels us to consider whether Husband's argument is sufficient to supply the "why" component of his claim that he omitted from his point relied on. *See In re Marriage of House*, 292 S.W.3d 478, 482 (Mo.App. 2009) (finding that appellate courts may exercise discretion and attempt to resolve issues on their merits); *Holland*, 203 S.W.3d at 299 (holding that, even though a point relied on is deficient, a court may review the issues presented on their merits, provided the argument is sufficient in conjunction with the points relied on to ascertain the issues being raised). We determine that it is not.

"'An argument should show how the principles of law and the facts of the case interact.'" *Selberg v. Selberg*, 201 S.W.3d 513, 516 (Mo.App. 2006) (quoting *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 218 (Mo.App.1999)). The foundational element for such an argument, which Husband omits in his brief, is to "include a concise statement of the applicable standard of review[,]" as required by Rule 84.04(e). "The standard of review is an essential portion of all appellate arguments; it outlines this court's role in disposing of the matter before us." *Waller*, 251 S.W.3d at 406.[2] The standard of review is the lens through which this court views the rulings and actions of the trial court and the facts as determined in the trial court. Any argument

---

[2] "While it would be easy enough for this court to determine the applicable standard of review, it is not our duty to supplement the deficient brief with our own research." *Id.* (citing *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)).

In setting forth the purported standard of review in her responding brief, Wife asserts that

> [t]he Standard of Review is governed by Rule 84.13(d) . . . and <u>Murphy v Carron,</u> 536 S.W. 2d 30, 32 (Mo. En Banc 1976). As such, the Judgment of the Trial Court of April 11, 2014, will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. <u>In Re Marriage of Hillis,</u> 313 SW3d 643, 644 (Mo. En Banc 2010) and [<u>Stroh v Stroh,</u> 454 SW3d 351, 354 (Mo. S.D. 2014)].

Wife also contends that "[a]ll facts should be considered as having been found in accordance with the results reached. See <u>In Re Marriage of Holden,</u> 81 SW3d 217, 226-227 (Mo. App. S.D. 2002) and [<u>Stroh v Stroh,</u> 454 SW3d 351, 355 (Mo. S.D. 2014)]."

4

claiming trial court error not premised upon and constructed around the correct standard of review offers us no more than an out-of-focus view of the claimed error and is of little, if any, analytical value in evaluating it. Husband's argument exemplifies this deficiency.

Husband's attempt to show how the principles of law and the facts of his case interact is contained within only two paragraphs of his argument. These two paragraphs, *in toto*, are:

> Under the circumstances in this case, the trial court's award of attorney fees on appeal to [Wife] was not warranted. Coupled with the substantial debts and orders imposed by the trial court, [Husband] can simply not afford to pay [Wife's] attorney fees on appeal. Additionally, there was little to no evidence presented to the court as to [Husband] or [Wife's] financial history since the dissolution was granted by the court. It had been over four months since the parties were last before the trial court. A mere recitation of the parties' income in December was not sufficient as required by Missouri law. [Wife] simply did not meet her burden. The trial court was not presented with the financial history of either party since they were last in court in December. [Wife] did not call any witnesses. The hearing was simply an oral argument.

> * * * *

> As discussed previously, [Wife] failed to provide the necessary evidence as to the financial circumstances of the parties since the dissolution which was necessary for the trial court to rule on her request for attorney fees on appeal. [Husband] respectfully requests this Court reverse the award of the $10,000.00 in attorney fees to [Wife] as it is unsupported by substantial evidence and against the weight of the evidence.

All other paragraphs in his argument address either general principles of law or discuss the facts of other reported cases.

Husband's argument is deficient in three respects. First, none of the factual assertions in these two paragraphs are supported by "specific page references to the relevant portion of the record on appeal[,]" as required by Rule 84.04(e). "If we were to take the time on our own initiative to comb the record for support of factual assertions in a brief, this Court would, in effect, become an advocate for the non-complying party." **Osthus**, 389 S.W.3d at 716-17. Maintaining a fair and impartial judiciary requires and demands that a judge cannot become an

5

advocate for any party. ***Bishop v. Metro Restoration Servs., Inc.***, 209 S.W.3d 43, 45 (Mo.App. 2006).

Second, none of the legal conclusions in these paragraphs are supported by citation to relevant legal authority. "An appellant has an obligation to cite appropriate and available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations." ***Selberg***, 201 S.W.3d at 516 (citing ***Thummel***, 570 S.W.2d at 687). "When an appellant fails to cite relevant law and explain how it applies to the applicable facts, we deem the point abandoned." ***Selberg***, 201 S.W.3d at 516 (citing ***Cooper v. Bluff City Mobile Home Sales, Inc.***, 78 S.W.3d 157, 164 (Mo.App. 2002)).

Third, these two paragraphs fail to provide any analytical framework supporting either a substantial-evidence challenge or an against-the-weight-of-the-evidence challenge. *See **In re Marriage of Adams***, 414 S.W.3d 29, 33 (Mo.App. 2013); ***Houston v. Crider***, 317 S.W.3d 178, 186-87 (Mo.App.2010). These are separate challenges to the evidentiary basis of the trial court's attorney fee judgment, and each has its own distinct analytical framework. ***Adams***, 414 S.W.3d at 33; ***Houston***, 317 S.W.3d at 186-87.

> A not-supported-by-substantial-evidence challenge requires the completion of three sequential steps. The appellant must:
>
> > (1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
> >
> > (2) identify all of the favorable evidence in the record supporting the existence of that proposition; and,
> >
> > (3) demonstrate why that favorable evidence, when considered along with the reasonable inferences drawn from that evidence, does not have probative force upon the proposition such that the trier of fact could not reasonably decide the existence of the proposition.
>
> An against-the-weight-of-the-evidence challenge requires completion of four sequential steps. The appellant must:

6

(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

(2) identify all favorable evidence in the record supporting the existence of that proposition;

(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,

(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*Adams*, 414 S.W.3d at 33. Husband's two-paragraph argument fails to follow this framework for either challenge. Such failure makes his argument analytically useless and provides no support for his point. *See id.*

Because of the above deficiencies, Husband's argument fails to show how the principles of law he asserts as reasons for reversible error and the facts of his case interact. *See Selberg*, 201 S.W.3d at 516. His argument, therefore, is not sufficient to cure his deficient point relied on that, in a similar and closely related fashion, fails to explain why, in the context of the case, his legal reasons support his claims of reversible error. *See* Rule 84.04(d)(1)(C).

The trial court's attorney fee judgment in this court-tried case is presumed correct, and Husband has the burden of demonstrating on appeal that it is erroneous. *Stroh v. Stroh*, 454 S.W.3d 351, 354 (Mo.App. 2014). Compliance with the briefing requirements of Rule 84.04 is mandatory, and a brief that fails to comply with Rule 84.04 preserves nothing for appellate review. *Osthus*, 389 S.W.3d at 714. As discussed above, Husband's brief fails to comply with Rule 84.04 in numerous respects and, therefore, preserves nothing for appellate review. His point is denied. Because the trial court's attorney fee judgment is presumed correct and Husband has failed to demonstrate any trial court error in its entry, it is affirmed.

7

GARY W. LYNCH, J. – Opinion author

NANCY STEFFEN RAHMEYER, J. – concurs

WILLIAM W. FRANCIS, Jr., J. – concurs