

# Missouri Court of Appeals

### Southern District

### Division One

HEATHER STELLING, M.D.,                 )
                                        )
    Plaintiff-Appellant,             )
                                        )
vs.                                     )          No. SD34336
                                        )
SJMGROUP,                               )          **Filed:  December 7, 2016**
                                        )
    Defendant-Respondent.            )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier

### **AFFIRMED**

Heather Stelling ("Employee") appeals from the trial court's judgment denying her motion to vacate an arbitrator's award in favor of her former employer SJMGroup ("Employer").  Employee's points relied on and argument section violate Rule 84.04.[1]  Because the trial court's judgment is presumed correct, ***In re Marriage of Chorum***, 469 S.W.3d 484, 486 (Mo. App. S.D. 2015), and because Employee's points and arguments fail to convince us the trial court erred, we affirm the trial court's judgment.

---

[1] All rule references are to Missouri Court Rules (2016).

**Factual and Procedural Background**

Where there is no transcript from the arbitration proceedings, an appellate court will take the facts from the arbitrator's award. *Estate of Sandefur v. Greenway*, 898 S.W.2d 667, 668 (Mo. App. W.D. 1995). Examination of the arbitrator's award reveals the following relevant facts.

Employee entered into an agreement to work for Employer as an anesthesiologist for three years beginning January 1, 2008. The agreement had an arbitration clause and a provision which allowed termination "at any time by either party, without cause, upon ninety (90) days' prior written notice to the other." On July 1, 2008, Employer provided written notice to Employee that Employer was terminating the agreement without cause in 90 days. Employee's employment with Employer officially ended on September 30, 2008.

Employee sued Employer for breach of contract, and, pursuant to agreement of the parties, the trial court stayed the litigation pending arbitration. Ultimately, each party submitted a motion for summary adjudication to the arbitrator. After a hearing by conference call regarding the cross-motions for summary adjudication held on July 21, 2015, the arbitrator entered an award in favor of Employer, finding Employee could not demonstrate she was wrongfully terminated because Employer complied with the provisions of the contract allowing termination without cause.

Employee thereafter filed a motion to vacate the arbitrator's award. In that motion, Employee argued the arbitrator's award should be vacated because the arbitrator refused to consider Employee's evidence when the arbitrator quashed two of Employee's subpoenas and decided the case based on the motions

for summary adjudication.  On January 7, 2016, the trial court held a hearing regarding Employee's motion to vacate and then entered a judgment denying Employee's motion to vacate.  Employee appeals.

## Rule 84.04 Violations

Employee's brief violates Rule 84.04 in numerous respects.  Most importantly, the points relied on, even when read in conjunction with the argument section of the brief, do not give the Court and the opposing party adequate notice of the claims Employee attempts to raise.  The brief is deficient in two major areas:  (1) Employee's points do not identify the ruling she seeks to have reviewed or explain the legal reasons supporting her claim of reversal, and (2) Employee's argument section does not follow the order of the points relied on nor does it contain references to the relevant portions of the record.

The requirements for appellate briefs are explained in Rule 84.04. *Chorum*, 469 S.W.3d at 486.  Parties must comply with the instructions in the rule, and "a brief that fails to comply with Rule 84.04 preserves nothing for appellate review." *Id.* (quoting *Osthus v. Countrylane Woods II Homeowners Ass'n*, 389 S.W.3d 712, 714 (Mo. App. E.D. 2012)).  This ensures the appellant gives notice to the court and the opposing party "of the precise matters which must be contended with and answered." *Id.* (quoting *Osthus*, 389 S.W.3d at 715).  The rule also helps ensure appellate courts will "not become advocates for the appellant by speculating facts and arguments that have not been made." *Id.* (quoting *Osthus*, 389 S.W.3d at 715).

The first way Employee's brief is deficient is that her points relied on do not comply with Rule 84.04(d)(1).  That subsection of Rule 84.04 provides:

3

Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

Rule 84.04(d)(1).

Employee's first point fails to comply with the rule in at least two ways: it does not identify a trial court ruling and it does not explain why the legal reasons support the claim of reversible error. Employee's first point states:

The trial court erred when it entered judgment in favor of [Employer] because the summary award entered by the arbitrator is not a reasoned opinion, exceeds the scope of the arbitrator's authority, and deprived [Employee] of her opportunity to be heard, present and cross-examine witnesses, and introduce and challenge evidence at hearing before the arbitrator, pursuant to, *inter alia*, RSMo. § 435.405.1.

The first portion of that point identifies the entire judgment as being an error. That does not comply with the requirement of Rule 84.04(d)(1)(A). "The error contemplated by Rule 84.04(d) in a court-tried case is not the judgment itself but the trial court's actions or rulings on which the adverse judgment is based." ***In re Marriage of Fritz***, 243 S.W.3d 484, 486 (Mo. App. E.D. 2007). "When an appellant makes the entire judgment one error and lists multiple grounds therefor, the result is that the point contains multiple legal issues." ***Lamar Advertising of Mo., Inc. v. McDonald***, 19 S.W.3d 743, 745 (Mo. App. S.D. 2000) (quoting ***Wheeler v. McDonnell Douglas Corp.***, 999 S.W.2d 279, 283 n.2 (Mo. App. E.D. 1999)). "Multifarious points preserve

4

nothing for review." *Fritz*, 243 S.W.3d at 487. By setting out the entire judgment as the error challenged, Employee has failed to specify to this Court which alleged error she seeks to have reviewed.

Furthermore, the remainder of the point simply lists legal reasons for vacating an arbitrator's award under Section 435.405.1. Employee does not specify which of those legal reasons apply in this case, and there are no facts showing how the arbitrator in this case violated those precepts. Consequently, the point does not explain why the legal reasons support the claim of reversible error. "It is not sufficient to merely set out in the point what the alleged errors are without stating *why* the ruling is erroneous." *Chorum*, 469 S.W.3d at 487 (quoting *In re Holland*, 203 S.W.3d 295, 299 (Mo. App. S.D. 2006)). Failing to provide a factual link between the legal reasons and the error leaves the court and the opposing party guessing at the nature of the argument. *Id.* "Under Rule 84.04, it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Fesenmeyer v. Land Bank of Kansas City*, 453 S.W.3d 271, 274 (Mo. App. W.D. 2014) (quoting *Nichols v. Div. of Emp't Sec.*, 399 S.W.3d 901, 903 (Mo. App. W.D. 2013)). Thus, the "omission is a substantial failure to comply with the rule and preserves nothing for our appellate review." *Chorum*, 469 S.W.3d at 487.

Employee's second point also fails to identify the precise error she seeks to have reviewed or explain how the legal reasons she states support the claim of reversible error. Employee's second point states:

5

The trial court erred when it entered judgment in favor of respondent because the summary award renders any purported promise made by respondent in the employment agreement illusory or unconscionable in that the discharge "without cause" provision relied upon causes a want of consideration, and meeting of the minds, and creates and inherent ambiguity that renders "for cause" and other provisions of the agreement meaningless such that either *de novo* review or application of the manifest disregard for the law standard should be applied as matter of law.

Again, Employee begins by identifying the entire judgment as error. For the reasons discussed above, that is not sufficient to comply with Rule 84.04. Then, the remainder of the point claims unconscionability, lack of consideration, and ambiguity in the underlying contract. These are simply recitals of grounds which may render a contract unenforceable. The point states no facts showing how those concepts apply in the present case. Consequently, Employee has again failed to explain why the legal reasons support the claim of reversible error, preserving nothing for appellate review.

There are also at least two significant problems with the argument section of Employee's brief. The argument section fails to follow the order of the points relied on and does not contain references to the relevant portions of the record.

The preparation of the argument section of a brief is governed by Rule 84.04(e). As relevant to this case, that subsection provides that "[t]he argument shall substantially follow the order of the 'Points Relied On'" and that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal." Rule 84.04(e). Employee's argument section does not meet either of these standards.

Employee's argument section does not substantially follow the order of the points relied on because in both points she includes conclusory statements about

6

at least two primary arguments with little supporting analysis. In the argument section under each point, Employee wanders back and forth between two unrelated ideas, with summaries of cases and conclusory statements, but no coherent explanation of how or why the authorities cited apply to the facts of this case. That is, instead of providing a comprehensive discussion of any particular claim, Employee simply waffles back and forth between conclusory statements on at least two, if not more, major themes.

This problem is compounded by the fact that the only citation to the record in Employee's argument section is a reference to arguments Employer made to the trial court. There is no citation to the record to support Employee's assertions about the arbitrator's decision to quash Employee's deposition notices. Neither does she support her contractual arguments with citations to the copy of the contract in the record. Including citations to the relevant portions of the record is especially important in maintaining the impartiality of the judiciary. "If we were to take the time on our own initiative to comb the record for support of factual assertions in a brief, this Court would, in effect, become an advocate for the non-complying party." ***Chorum***, 496 S.W.3d at 489 (quoting ***Osthus***, 389 S.W.3d at 716-17).

"Where a brief fails to comply with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, 'the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency.'" ***Huffman v. SBC Services, Inc.***, 136 S.W.3d 592, 593 (Mo. App. S.D. 2004)

(quoting ***Thummel v. King***, 570 S.W.2d 679, 686 (Mo. 1978)).  Employee's numerous briefing deficiencies leave this Court guessing as to the precise nature of Employee's claims.  As such, her brief has failed to convince us the trial court erred.  Employee's points are denied.

## Decision

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

DON E. BURRELL, J. – CONCURS