DON E. BURRELL, J.
Sally Cato ("Ms. Cato"), the aunt of minor child C.S. ("Child"), filed a petition in the Circuit Court of Stoddard County asking that a child order of protection order be entered against her sister, Child's mother, Crystal Stevens ("Respondent"). Ms. Cato, along with her husband, Galen Cato (collectively, "Appellants"), also filed a petition in the probate division seeking to be appointed as Child's guardians.[1] When an ex parte child order of protection granting Ms. Cato temporary custody of Child was entered, Respondent filed a petition for writ of habeas corpus that demanded Child's return.
These three, related cases were consolidated for a bench trial that took place in November, 2016. Prior to receiving testimony, the trial court briefly discussed with counsel what might be the applicable burden of proof. In doing so, the trial court cited an appellate opinion that held in a guardianship case that, absent clear and convincing evidence that a parent is unwilling, unfit, or unable to care for a child, the best interests of the child need not be determined. Appellants claimed that the lower standard of preponderance of the evidence was the applicable burden of proof.[2]
*482 The trial court asked Appellants to present their cases first, and they complied without objection. Appellants called four witnesses, all of whom were cross-examined. At the close of Appellants' evidence, Respondent moved for judgments in her favor on the ground that Appellants had not satisfied their burden of proof. See Rule 73.01(b).[3]
After first receiving sworn testimony and a recommendation from Child's guardian ad litem , the trial court granted that request by finding that Appellants had failed to prove their petitions for guardianship and a full order of child protection, and it vacated the ex parte child order of protection that had granted Ms. Cato temporary custody of Child. In so ruling, the trial court explained that under either a preponderance of the evidence standard or a clear and convincing evidence standard, "there has been a lack of credible evidence to show that the natural mother [ (Respondent) ] is unable, unwilling or unfit to act as mother at the present time." In its written judgment granting Respondent's habeas corpus petition, the trial court stated that no legal cause had been shown for Child's restraint (resulting from the temporary custody awarded Ms. Cato in the now-vacated ex parte child order of protection), and it ordered Ms. Cato to release Child into Respondent's custody.
Appellants challenge all of the trial court's separate judgments in this consolidated appeal.[4] Because each of Appellants' four points violate the requirements of Rule 84.04,[5] and Appellants have failed to demonstrate reversible error, we affirm the judgments of the trial court.
Analysis
We begin by setting forth each of Appellants' deficient points in their entirety:
Point 1. The trial [c]ourt erred in ruling against [Appellants] because the trial court applied a clear and convincing evidentiary standard when the proper standard was a preponderance of the evidence and such was prejudicial to [Appellants].
Point 2. The trial court erred in sustaining [Respondent]'s motion for judgment in all three cases at the end of [Appellants'] case, because [Appellants'] evidence provided upon a preponderance of the evidence both a prima facie case and a submissible case that [Respondent] was unfit or unable to care for [Child] such that a guardianship was necessary and [that the] order of protection should have been permanent and that the writ of habeas corpus should have been denied.
Point 3. The trial court erred in sustaining [Respondent]'s motion for judgment in all three cases at the end *483 of [Appellants'] case, because the decision was against the weight of the evidence in that giving all benefit of doubt to the trial court the evidence still showed that Respondent was unfit or unable to care for [Child] such that a guardianship was necessary and [that the] order of protection should have been permanent and that the writ of habeas corpus should have been denied.
Point 4. The judge erred in finding for [Respondent] in her petition for habeas corpus because it appears that the judge based his decision on the Guardianship standard of fitness rather than the habeas corpus standard of best interests of [Child] and that as such the case must be reversed and remanded in order that the correct standard maybe [sic] applied.
Rule 84.04 requires that a point relied on: (1) identify the ruling or action of the trial court that is being challenged on appeal; (2) state the legal reason or reasons for the claim of reversible error; and (3) explain in summary fashion why, in the context of the case, the legal reason or reasons support the claim of reversible error. Rule 84.04(d)(1)(A)-(C); Lombardo v. Lombardo , 120 S.W.3d 232, 247 (Mo. App. W.D. 2003).
As a general matter, Appellants' points attack the trial court's grant of Respondent's Rule 73.01(b) motion on grounds relating to Appellants' perceived strength of the evidence favorable to their position and the trial court's alleged misapplication of the law to that evidence. But the points fail to explain why, in the context of the applicable case , the legal reasons identified by Appellants support their claims of reversible error. Rule 84.04(d)(1)(C). By omitting the necessary context, the points constitute nothing more than abstract statements of law incapable of satisfying the requirements of Rule 84.04. Rule 84.04(d)(4); Crawford Cty. Concerned Citizens v. Mo. Dep't of Nat. Res. , 51 S.W.3d 904, 908 (Mo. App. W.D. 2001).
This Court is rightly prohibited from assuming the role of Appellants' advocate by combing through the entire record in search of support for Appellants' error claims. Thummel v. King , 570 S.W.2d 679, 686 (Mo. banc 1978). Rather, we must presume that the judgments of the trial court are correct, and Appellants have "the burden of demonstrating on appeal that [the judgments are] erroneous." In re Marriage of Chorum , 469 S.W.3d 484, 490 (Mo. App. S.D. 2015). "Compliance with the briefing requirements of Rule 84.04 is mandatory, and a brief that fails to comply with Rule 84.04 preserves nothing for appellate review." Id.
That being said, our preference is to review even deficient points on whatever merit they might possess (especially when the custody of a child is at issue) if the deficiencies do not impede impartial review. See Deutsche Bank Nat'l Tr. Co. for Morgan Stanley Home Equity Loan Trust 2005-3 (MSHEL 2005-3) v. Pyle , 518 S.W.3d 805, 822 (Mo. App. S.D. 2017). With the exception of Point 4, the deficiencies of which do impede such review,[6] we *484 exercise our discretion to review Appellants' remaining points ex gratia.
That review has produced the following non-exhaustive list of why Appellants' first three points are meritless:
• Point 1: Appellants' prejudice claim fails in light of the trial court's explicit statement that Appellants were not entitled to relief under either a clear and convincing evidence standard or a preponderance of the evidence standard.
• Point 2: Appellants' argument relies on the principle that "[a]bsent a finding by the trial court of credibility concerning the evidence, the non-moving party [under Rule 73.01(b) ] meets [its] burden by making a prima facie case."[7] (Citing Gannon v. Dir. of Revenue , 411 S.W.3d 394, 399 (Mo. App. E.D. 2013) ). The point then lists such claimed prima facie evidence. But a motion to dismiss at the close of the plaintiff's evidence requires "the trial court to determine credibility of the witnesses and to weigh the evidence, so that the appeal from the ruling on the motion is from a final determination of the issues in question and is governed by Murphy v. Carron , 536 S.W.2d 30 (Mo. banc 1976)." Colombo v. Buford , 935 S.W.2d 690, 694 (Mo. App. W.D. 1996). Here, Appellants' argument fails because the trial court did explicitly find that there was "a lack of credible evidence" supporting Appellants' claims, and we "defer to the trial court's credibility determinations because it was in a better position to judge the credibility of witnesses." Murphy v. Middleton , 256 S.W.3d 159, 164 (Mo. App. S.D. 2008).
• Point 3: While we commend Appellants for citing the correct four-step against-the-weight-of-the-evidence process required by Houston v. Crider , 317 S.W.3d 178, 187 (Mo. App. S.D. 2010), their challenge fails because they neglected to "resolv[e] all conflicts in testimony in accordance with the trial court's credibility determinations" as required by step three of that process. See id.[8]
For all of these reasons, Appellants' points are denied, and the judgments of the trial court are affirmed.
*485 MARY W. SHEFFIELD, P.J.-CONCURS
GARY W. LYNCH, J.-CONCURS

The petition for guardianship claimed that the identity of Child's father was unknown.

We assume that the trial court was referring to In re A.L.R. , No. WD79123, 2016 WL 4013851 (Mo. App. W.D. July 26, 2016). Following the issuance of that opinion, our supreme court accepted transfer of the case and subsequently held that a preponderance of the evidence is indeed the applicable burden of proof in a guardianship action. In re A.L.R. , 511 S.W.3d 408 (Mo. banc 2017).

Rule 73.01(b) states,
After the plaintiff has completed presentation of plaintiff's evidence, the defendant may move by motion for a judgment on the grounds that upon the facts and the law the plaintiff is not entitled to relief. The filing of such motion does not constitute a waiver of defendant's right to offer evidence.
All rule references are to Missouri Court Rules (2017).

We have consolidated the appeals from the three judgments, assigning numbers SD34840 to the child order of protection appeal, SD34838 to the guardianship appeal, and SD34837 to the habeas corpus appeal.

Respondent's pro se brief also violates Rule 84.04 in numerous ways, and Appellants' motion to strike it is granted.

The apparent focus of Point 4 is the trial court's statements at the start of trial purporting to set out an erroneous burden of proof standard to be applied in a guardianship action. But Appellants make no attempt whatsoever to explain how those statements resulted in prejudicial error when made in the context of a consolidated trial addressing both a guardianship petition and a habeas corpus petition and judgments that made clear that Appellants' claims would fail under either a clear and convincing or a preponderance of the evidence burden of proof. Our review is for prejudice, not mere error. Bodishbaugh v. Bodishbaugh , 364 S.W.3d 258, 260 (Mo. App. S.D. 2012). Because Appellants have failed to provide us with such an explanation, and we are prohibited from coming up with a plausible explanation on our own, the failure impedes impartial review of the claim. Cf. McGuire v. Kenoma, LLC , 375 S.W.3d 157, 175 (Mo. App. W.D. 2012) (declining to wade into a prejudice analysis not briefed on appeal).

Point 2 also claims that Appellants made a "submissible case[.]" The contention is irrelevant because submissibility is not an issue in a court-tried case. Keefhaver v. Kimbrell , 58 S.W.3d 54, 58 (Mo. App. W.D. 2001).

Houston requires an appellant presenting an against-the-weight-of-the-evidence challenge to complete four sequential steps:
(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
(2) identify all of the favorable evidence in the record supporting the existence of that proposition;
(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations , whether explicit or implicit; and,
(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.
317 S.W.3d at 187 (emphasis added).