

# Missouri Court of Appeals

## Southern District

### Division Two

TRAVIS GIBSON,                          )
                                        )
    Plaintiff-Appellant,        )
                                        )
v.                                      )    No. SD35815
                                        )    Filed:  March 29, 2019
CATHERINE RICE,                         )
                                        )
    Defendant-Respondent.       )

APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable Robin E. Fulton, Special Judge

*Before Bates, J., Scott, J. and Sheffield, J.*

**<u>AFFIRMED</u>**

PER CURIAM.  Travis Gibson (Plaintiff) appeals from a judgment entered in favor of Catherine Rice (Defendant), who represented Plaintiff in a criminal proceeding arising from an order of protection.  Plaintiff brought a legal malpractice action against Defendant, which resulted in the entry of a summary judgment in favor of Defendant.

Plaintiff has chosen to represent himself in this appeal, which is his right.  He is, however, required to follow the same rules of procedure as an attorney who represents an appellant on appeal.  ***Kline v. Casey's General Stores, Inc.***, 998 S.W.2d 140, 141 (Mo. App. 1999).  While this Court recognizes the problems faced by self-represented litigants,

we cannot relax our standards for non-lawyers. "It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Sutton v. Goldenberg*, 862 S.W.2d 515, 517 (Mo. App. 1993); *Kline*, 998 S.W.2d at 141; *see also Carden v. City of Rolla*, 290 S.W.3d 728, 729 (Mo. App. 2009). As our Supreme Court explained in *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978):

> Ordinarily, an appellate court sits as a court of review. Its function is not to hear evidence and, based thereon, to make an original determination. Instead, it provides an opportunity to examine asserted error in the trial court which is of such a nature that the complaining party is entitled to a new trial or outright reversal or some modification of the judgment entered. It is not the function of the appellate court to serve as advocate for any party to an appeal. ... When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role.

*Id*. at 686; *see also Kline*, 998 S.W.2d at 141. "An appellate court is not to become an advocate for a party to an appeal." *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo. App. 1999). Accordingly, we must hold Plaintiff to the same standards of practice and procedure on appeal that we would expect of an attorney.

Rule 84.04 lists the requirements which an appellant's brief must meet. These requirements are mandatory. *Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo. App. 2000).[1] Plaintiff's brief is deficient in the following respects.

### 1. Table of Contents

Rule 84.04(a)(1) requires an appellant's brief to contain "[a] detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and

---

[1] All rule references are to Missouri Court Rules (2018).

other authorities cited, with reference to the pages of the brief where they are cited[.]" *Id*. Plaintiff's brief contains a "Table of Authorities[.]" This table is deficient because the cases are not arranged alphabetically, and there are no references to the pages of the brief on which the cases are cited. Additionally, Plaintiff's list omits many cases that are cited in his brief. Certain constitutional provisions are listed, again without page references. Only the references to statutes and rules have the required page references.

### 2. Jurisdictional Statement

Rule 84.04(a)(2) requires an appellant's brief to contain "[a] concise statement of the grounds on which jurisdiction of the review court is invoked[.]" *Id*. "The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of article V, section 3, of the Constitution upon which jurisdiction is sought to be predicated." Rule 84.04(b). Plaintiff's "Jurisdictional Statement" is deficient because it merely specifies the county and case number of the underlying proceeding and then presents six paragraphs of argument relating to the merits of the trial court's ruling.

### 3. Statement of Facts

Rule 84.04(a)(3) requires an appellant's brief to contain "[a] statement of facts[.]" *Id*. Insofar as relevant here, "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. All statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Rule 84.04(c). Plaintiff's "Statement of Facts" on pages 5-12 of his brief does not meet any of these requirements.

As this Court explained in ***Chopin v. Am. Auto. Ass'n of Missouri***, 969 S.W.2d 248 (Mo. App. 1998):

> An appellant has the duty to define the scope of the controversy by stating the relevant facts fairly and concisely. The purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. A statement of facts containing practically no facts relating to any issue raised on appeal does not comply with Rule 84.04(c).

***Id***. at 251 (citations omitted).

Plaintiff's eight-page Statement of Facts consists of Plaintiff's summary of what he perceived to be the relevant events, mostly in the form of his own arguments and conclusions about what happened. None are supported by specific page references to the relevant portion of the record on appeal. Moreover, this case was decided by summary judgment in Defendant's favor:

> Since the trial court adjudicated this case by summary judgment, the facts on which the trial court based its decision were those established pursuant to Rule 74.04(c)(1) & (2). … A statement of facts that does not identify: (1) the material facts established by a party's motion for summary judgment and the party opposing the motion for summary judgment's response, or (2) the material facts, if any, pled in the motion for summary judgment properly denied by the opposing party's response, violates Rule 84.04(c).

***Exec. Bd. of Missouri Baptist Convention v. Windermere Baptist Conference Ctr., Inc.***, 430 S.W.3d 274, 284 (Mo. App. 2014). According to the trial court's judgment, Plaintiff did not comply with the requirements of Rule 74.04(c)(2), so each numbered paragraph in Defendant's statement of undisputed material facts was deemed admitted. In Plaintiff's Statement of Facts, there is no reference at all to Defendant's motion for summary judgment or the statement of uncontroverted material facts upon which it was based. Because Plaintiff's Statement of Facts provides us with no basis to discern what material

4

facts were established by the trial court's ruling, it preserves nothing for appellate review. ***Id***. at 285-86.

### 4. Points Relied On

Rule 84.04(a)(4) requires an appellant's brief to contain "[t]he points relied on[.]" Rule 84.04(d)(1) specifies the following format for a point relied on:

> (1) Where the appellate court reviews the decision of a trial court, each point shall:
>
> (A) Identify the trial court ruling or action that the appellant challenges;
>
> (B) State concisely the legal reasons for the appellant's claim of reversible error; and
>
> (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.
>
> The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

***Id***. (italics in original). This required format serves the important purpose of giving the opposing party notice of the precise matters in contention and informing the court of the issues presented for review. ***Kyle Estate v. 21st Mortg. Corp.***, 515 S.W.3d 248, 253 (Mo. App. 2017). Plaintiff's single point relied on states that "[t]he trial court 16SD-CC00090 misapplied 'official immunity' to 'ministerial acts' as described." This statement is followed by two and one-half pages of argument addressing why Plaintiff contends this legal conclusion is correct. An abstract statement of law is a deficient point relied on, which preserves nothing for appellate review. *See* Rule 84.04(d)(4); ***Prather v. City of Carl Junction, MO***, 345 S.W.3d 261, 265 (Mo. App. 2011). Moreover, Plaintiff's point is not immediately followed by "a list of cases, not to exceed four, and the constitutional,

5

statutory, and regulatory provisions or other authority upon which that party principally relies."  Rule 84.04(d)(5).

### 5.  Argument

Rule 84.04(a)(5) requires an appellant's brief to contain "[a]n argument[.]"  Insofar as relevant here, Rule 84.04(e) contains the following requirements for the argument in an appellant's brief:

> The argument shall substantially follow the order of "Points Relied On."  The point relied on shall be restated at the beginning of the section of the argument discussing that point.  The argument shall be limited to those errors included in the "Points Relied On."  For each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review. … All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits.

*Id*.  "An argument should show how the principles of law and the facts of the case interact."  ***Carroll v. AAA Bail Bonds***, 6 S.W.3d 215, 218 (Mo. App. 1999).  Plaintiff's brief does not contain an argument section, nor is the point restated as required.  There is only a section called "support" from pages 14-31.  There is no description of the applicable standard of review for an appeal from a summary judgment.  There is no discussion of why the trial court's judgment was erroneous, based upon the legal principles governing appellate review of a summary judgment as applied to the material facts established by the trial court's ruling.  There is not a single page reference to the record on appeal to support the factual assertions in the "support" section of Plaintiff's brief.  This section also contains references to matters outside the record on appeal, which is improper.  ***Pattie v. French Quarter Resorts***, 213 S.W.3d 237, 239 (Mo. App. 2007).

6

*6. Conclusion*

Rule 84.04(a)(6) requires an appellant's brief to contain "[a] short conclusion stating the precise relief sought." *Id*. Plaintiff's brief contains a "Closing" section, but it does not state the precise relief he seeks from this Court on appeal. Some of his complaints in this section are directed at other unspecified summary judgments in federal court, which are not before this Court. Therefore, his brief does not comply with Rule 84.04(a)(6). *See Moreland v. Div. of Emp't Sec.*, 273 S.W.3d 39, 41 (Mo. App. 2008).

A trial court's judgment is presumed correct, and an appellant bears the burden of proving his or her claims of error. *Ray Klein, Inc. v. Kerr*, 272 S.W.3d 896, 898 (Mo. App. 2008). The numerous and substantial violations of Rule 84.04 in Plaintiff's brief are so serious as to impede appellate review. *Reliable Roofing, LLC v. Jones*, 302 S.W.3d 232, 236 (Mo. App. 2009); *see State ex rel. Greene County v. Barnett*, 231 S.W.3d 854, 856 (Mo. App. 2007). An allegation of error that is not properly briefed cannot be considered in a civil appeal. Rule 84.13(a); *Martin v. Reed*, 147 S.W.3d 860, 864 (Mo. App. 2004). Because Plaintiff has failed to meet his burden of demonstrating reversible trial court error, the judgment is affirmed. *See Stelling v. SJMGroup*, 504 S.W.3d 248, 253 (Mo. App. 2016); *In re Marriage of Chorum*, 469 S.W.3d 484, 490 (Mo. App. 2015).

All concur.