

# In the Missouri Court of Appeals Eastern District

### DIVISION TWO

SHARON DASH, ANGELA SIMMONS AND BILL BLACKSHER, AS TRUSTEES OF RIVERWOOD ESTATES HOMEOWNERS ASSOCIATION,

  Respondents,

v.

MARK BARNABY,

  Appellant.

) No. ED108330
)
)
)
)
)
) Appeal from the Circuit Court of
)  the County of St. Louis
) 18SL-CC03860
)
) Honorable Joseph S. Dueker
)
) Filed: June 23, 2020

## OPINION

Mark Barnaby ("Appellant") appeals the judgment entered in favor of Sharon Dash, Angela Simmons and Bill Blacksher, as trustees of the Riverwood Estates Homeowners Association ("Association"). We affirm.

## BACKGROUND

Appellant is the owner of a residence located in the Riverwood Estates subdivision, which is bound by the Riverwood Estates Declaration of Residential Covenants and Restrictions ("Covenants"). The Covenants prohibit open storage of trash receptacles on a lot, except on the day of trash pick up from sunrise until sunset. The Covenants also prohibit any commercial activity and signs or advertising structures to be maintained or displayed on a lot. Appellant

violated these requirements on numerous occasions and received written notices requiring his compliance with the Covenants. He would briefly comply, but then violate them again. Consequently, the Association filed a petition for preliminary and permanent injunction, declaratory relief, damages, and legal expenses seeking relief against Appellant for violating the Covenants.

This was not the Association's first legal rodeo with Appellant over these issues. The Association originally brought a similar lawsuit against Appellant in 2016, seeking to enjoin him from openly storing his trash cans. The Association voluntarily dismissed the lawsuit after Appellant promised to store his trash cans in his garage. However, within months, his promise proved worthless and he repeatedly violated the Covenants.

Similar to 2016, the Association attempted to amicably resolve this lawsuit by sending Appellant a proposed settlement judgment stating that he agreed to pay fees and costs incurred to date related to the lawsuit as well as court costs for the filing fee. However, this time the settlement included a provision that Appellant agree to an injunction allowing the Association to fine him an automatic fee of $200 for any future violation. Appellant disagreed with the permanent injunction terms and the case proceeded to trial.

The trial court entered its judgment in favor the Association, enjoining and restraining Appellant from openly storing trash receptacles on his lot except between sunrise and sundown on the day of trash pick up and from parking any commercial van with signage on his lot between the hours of midnight and 7:00 a.m. In addition, the trial court awarded attorney fees and costs to the Association in the total amount of $7,341.03.

This appeal follows.

2

**DISCUSSION**

In his sole point an appeal, Appellant alleges the trial court erred in granting the Association's petition for a permanent injunction and in awarding attorney fees because the Covenants do not allow the Association to bring a legal action to enjoin a violation.[1]

*Standard of Review*

Our review of an action in equity, such as an action seeking an injunction, is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Gray v. White,* 26 S.W.3d 806, 814–15 (Mo. App. E.D. 1999)*.* Accordingly, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or unless it erroneously applies the law. *Id.* at 815. In reviewing a court-tried case, we review the evidence in a manner favorable to the judgment, disregarding contradictory evidence, and we defer to the trial court's credibility determinations. *Apted-Hulling Inc. v. L & S Properties*, *Ltd*., 234 S.W.3d 486, 489 (Mo. App. E.D. 2007); *Day v. Hupp*, 528 S.W.3d 400, 412 (Mo. App. E.D. 2017).

*Analysis*

Appellant contends the trial court erred in granting the Association's petition because it misapplied the law and issued a judgment contrary to established law. Specifically, Appellant claims he complied with the Covenants immediately after he was notified of the underlying lawsuit, and offered to pay more than the actual fees and costs the Association had incurred. He

---

[1] Appellant's point relied on is multifarious and violates Rule 84.04 because it "groups together contentions not related to a single issue. . . ." *Osthus v. Countrylane Woods II Homeowners Ass'n*, 389 S.W.3d 712, 715 (Mo. App. E.D. 2012). This violation preserves nothing for our review. *Id*. However, we are able to ascertain Appellant's argument; therefore, we exercise our discretion to review his claim *ex gratia* to decide this appeal on the merits. *See Scott v. King,* 510 S.W.3d 887, 892 (Mo. App. E.D. 2017).

further asserts the Covenants do not allow the Association to seek to enjoin a future violation, only an active or threatened violation.

Generally, a restrictive covenant is a private contractual obligation governed by the same rules of construction applicable to any covenant or contract; thus, we apply the principles of contract law apply when interpreting an indenture. *Trustees of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC*, 585 S.W.3d 269, 280 (Mo. banc 2019). In interpreting indentures, contract terms are read as a whole to determine the intention of parties and give the words of the contract their natural, ordinary, and common sense meaning. *Id*. Restrictive covenants will not be extended by implication to include anything not clearly expressed in them and, this principle should never be applied in a manner that would defeat the plain and obvious purpose and intent of the restriction. *Lake at Twelve Oaks Home Ass'n, Inc. v. Hausman*, 488 S.W.3d 190, 197 (Mo. App. W.D. 2016).

Article VI, Section J of the Covenants forbids trash cans or receptacles to be openly stored on a lot, except between sunrise and sundown on designated trash pick-up days. Additionally, Sections C and G of Article VI prohibit commercial activity of any kind and signs, billboards, or advertising structures to be erected maintained or displayed on any lot. Article IX of the Covenants permits the Association "*to enforce*, *by any proceeding at law or in equity*, any of the covenants, conditions, restrictions and provisions hereof, either to restrain or enjoin a violation or threatened violation or to recover damages." (emphasis added).

Appellant argues that the plain and ordinary reading of this provision only allows the Association to enjoin a lot owner who is actively violating or is threatening to violate the Covenants. Appellant contends the trial court erred in granting injunctive relief to the

4

Association because he was compliant with the Covenants. As a result, he claims the Association's only damages were the fees and costs incurred to bring him into compliance. We disagree.

"The purpose of an injunction is to prevent actual or threatened acts that constitute real injury." *Zoological Park Subdistrict of the Metro. Park Museum Dist. v. Smith*, 561 S.W.3d 893, 896 (Mo. App. E.D. 2018). "A request for injunctive relief must be based on a real apprehension that future acts are not only threatened but will in all probability be committed." *Beavers v. Recreation Ass'n of Lake Shore Estates, Inc*., 130 S.W.3d 702, 716 (Mo. App. S.D. 2004) (internal quotations omitted).

Appellant's conduct unequivocally demonstrates his chronic refusal to comply with the Covenants, even after the Association voluntarily dismissed the 2016 litigation upon Appellant's promised compliance. The record supports that Appellant subsequently violated Article VI, Section J by failing to properly store his trash receptacle as well as Sections C and G by parking a commercial van with signage on the sides and back overnight on his driveway. Appellant would briefly comply upon written notice from the Association but soon reverted to repeatedly violating the Covenants. The Association had no other alternative but to seek injunctive relief to keep him from violating Article VI of the Covenants. We find the injunction is consistent with the plain language of the Covenants and adequately prohibits future conduct that "will in all probability be committed" by Appellant. Thus, the trial court did not err in issuing an injunction against Appellant.

As a result of the judgment in favor of the Association, the trial court did not err in awarding the amount of $7, 341.03 as attorney fees and court costs. Missouri courts apply the American Rule when considering whether to award attorney fees. *Trustees of Clayton Terrace*

5

*Subdivision*, 585 S.W.3d at 285. Each litigant bears his own attorney fees unless there is statutory authorization or a contractual agreement. *Id.* However, in the present case, Article IX of the Covenants permits the Association to enforce, by any proceeding at law or in equity, any of the covenants, restrictions, and provisions to enjoin a violation or threatened violation. Specifically, Article IX, Section A states that

> In any legal action filed by the [Association] against an owner of any lot or if the [Association] retain[s] legal counsel without filing a legal action in order to enforce any covenant or restrictions herein contained or adopted[,] . . . the owner of said lot shall be personally liable for and pay the [Association's] reasonable [attorney] fees and costs incurred with or without legal action.

Therefore, the Association was entitled to reasonable attorney fees relating to its action to enjoin Appellant's violation of the Covenants.

Moreover, the Association filed a motion for attorney fees and expenses on appeal in the amount of $4,175.00, which was taken with the case. "Our Court has the authority to either allow and fix the amount of attorneys' fees on appeal or remand the cause with instructions for the trial court to determine the amount of attorneys' fees and enter judgment accordingly." *Frontenac Bank v. GB Investments, LLC*, 528 S.W.3d 381, 397 (Mo. App. E.D. 2017). A party may be allowed to recover attorney fees if "they are authorized by a written agreement that is the subject of the issues presented on appeal." *Id.* Such authorization is set forth in Article IX, Section A of the Covenants at issue in this matter.

Accordingly, the trial court did not err in awarding attorney fees because Appellant's repeated violations required the Association to obtain legal counsel in order to enforce Article VI of the Covenants. Under the circumstances, because we deny Appellant's point on appeal and affirm the trial court's judgment, we find it is in the interest of judicial economy for our court to allow and fix the amount of attorney fees on appeal rather than to remand the cause to the trial

6

court.  *See id*.  We, therefore, grant the Association's motion for attorney fees on appeal in the amount of $4,175.00.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____

Lisa P. Page, Judge

Philip M. Hess, P.J. and Kurt S. Odenwald, J., concur.